**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4401**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOE JOYNER,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:06-cr-00123-H-ALL)

Submitted: February 27, 2008          Decided: March 10, 2008

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Clinton Joyner pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (2000). On appeal Joyner contends his 156-month sentence is unreasonable. We affirm.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). When sentencing a defendant, a district court must: (1) properly calculate the guidelines range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C. § 3553(a); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A sentence within a correctly calculated advisory guidelines range is presumptively reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Our review of the record reveals no procedural or substantive error with respect to Joyner's 156-month sentence. The sentencing court followed the required steps in sentencing Joyner: (1) it properly calculated the guidelines range; (2) allowed both parties an opportunity to argue for whatever sentence they deemed

appropriate; and (3) considered the § 3553(a) factors.  See  Gall,
128 S. Ct. at 596-97.  The court considered counsel's argument that
it should take into account in sentencing Joyner the fact that his
IQ is 68, in the mild mental retardation range.  Moreover, Joyner
did not request a sentence outside of the guidelines, or a
particular sentence within the range.  Under these circumstances,
Joyner cannot overcome the presumptive reasonableness of his
sentence within the guidelines range.

Accordingly, we affirm Joyner's sentence.  We dispense
with oral argument because the facts and legal contentions are
adequately presented in the materials before the court and argument
would not aid the decisional process.

AFFIRMED